UNITED STATES of America,
Plaintiff–Appellee,

v.

Gerald Wayne HANNAH, Defendant–
Appellant.

Nos. 95–30331, 95–30332.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 17, 1996. *

Decided Oct. 9, 1996.

Bryan E. Lessley, Assistant Federal Public Defender, Eugene, Oregon, for defendant-appellant.

J. Richard Scruggs, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before PREGERSON, BOOCHEVER, and T.G. NELSON, Circuit Judges.

BOOCHEVER, Circuit Judge:

Gerald Wayne Hannah stood trial for bank robbery. The government argued that he had driven through a drive-up window and handed the teller a hold-up note, and then drove away with cash. During jury deliberations, the judge received a note asking whether Hannah could be guilty if he had not been the driver. Over defense objections, the court gave an aiding and abetting instruction, allowing both sides time for additional argument. Hannah argues the supplemental instruction prejudiced him.

---

\* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

## FACTS

On April 7, 1995, the owner of a Volkswagen Rabbit reported that her neighbor, Gerald Wayne Hannah, had stolen her car. That same day, a Volkswagen Rabbit approached a drive-up window of the United States Bank in Portland, Oregon. The driver gave the teller a hold-up note demanding at least $3000. He wore a green parka jacket with a tight hood, but the teller could see he was a white male in his thirties with a light moustache, a description that matched Hannah's appearance.

The note stated that a young girl was shut in the car's trunk, and "If I get pulled over as I go back to Wash, I will shoot her through the back seat." The teller gave the robber more than $2000 but kept the note, writing down a description of the robber and the license number of the car as it drove away. She then called 911 and described the robbery, although she was unable to make an identification from a photo display that included Hannah.

Less than an hour and a half after the robbery, police saw Hannah driving the stolen Volkswagen and arrested him after a chase during which he threw cash out of the window. In the car they found live rounds of ammunition under the front passenger seat and a $50 bill on the floor.

The police found a fingerprint on the hold-up note that matched Hannah's, and the FBI's handwriting expert concluded "to a reasonable degree of scientific certainty" that Hannah wrote the demand note.

Hannah first claimed he was at a pub near the bank at the time of the robbery, where he let two men test drive the car, which had a "for sale" sign in the window. They returned the car, which was smoking and making funny noises, five minutes later. At trial, the government argued that Hannah was the driver of the Volkswagen. Hannah changed his story, testifying that he was a drug dealer who loaned the Volkswagen to a customer on the day of the robbery. The customer, "J.C.," had the car for ten or fifteen minutes and returned with cash to pay for his drugs. Hannah denied committing the robbery and stated that his print was on the demand note because he had handled the same piece of paper before.

After the jury was instructed and retired to deliberate, the court told counsel that a juror had sent a note indicating that she was convinced Hannah wrote the note, but "not thoroughly convinced" that he delivered it. The government requested a supplemental instruction on accessory liability, the defense objected, and the court denied the request.

After several hours of deliberation, the judge received another note from two jurors, asking

If we all agree that Gerald Hannah wrote the demand note, does that make him *equally* guilty of the bank hiest [sic] whether he drove through the teller window or not?

The next day, the government again moved for a supplemental aiding and abetting instruction, and suggested that both sides should address the instruction in further closing argument. Over the defense's objection, the court ruled that it would give the supplemental instruction, and it offered the defense fifteen minutes additional argument, with the government to follow. The court also revised the verdict form to allow the jury to choose (1) not guilty, (2) guilty as a principal, and (3) guilty as an aider and abettor.

In a brief additional argument, the defense contended that there was no evidence that Hannah assisted someone else in committing the robbery. The government then argued that its theory during trial was intact: Hannah was the driver of the Volkswagen, and personally presented the note to the teller.

The jury found Hannah "Guilty as a Principal."

## DISCUSSION

Hannah argues that he was prejudiced by the giving of the supplemental instruction.

█ Federal Rule of Criminal Procedure 30 provides in part:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the

jury on the law as set forth in the requests.... The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury....

While the rule applies to instructions requested by a party before the close of evidence, it does not apply "in the absence of a requested instruction which the court initially declined to give ... if a supplemental jury instruction given in response to a jury's question introduces a new theory to the case, the parties should be given an opportunity to argue the new theory ... to prevent unfair prejudice." *United States v. Fontenot,* 14 F.3d 1364, 1368 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 431, 130 L.Ed.2d 343 (1994).

 Hannah does not argue that the court violated Rule 30, but he does insist that the giving of the instruction "unfairly prevented [him] from arguing his ... defense to the jury or ... substantially misled [him] in formulating and presenting arguments." *United States v. Gaskins,* 849 F.2d 454, 458 (9th Cir.1988). This court has found unfair prejudice where the district court gave a supplemental instruction on aiding and abetting, but allowed no additional argument for the defense to address the theory. *Id.* at 460. Although in this case additional argument was allowed, and Rule 30 was not actually violated, technical satisfaction of the rule does not prevent reversal if the supplemental instruction clearly resulted in actual prejudice. *See United States v. Horton,* 921 F.2d 540, 547 (4th Cir.1990), *cert. denied,* 501 U.S. 1234, 111 S.Ct. 2860, 115 L.Ed.2d 1027 (1991).

Hannah admits that his counsel was given ample time to argue that the jury should acquit him as an aider and abettor as well as a principal. Nevertheless, he argues that he was prejudiced because the theory that he could have been an aider and abettor (not present at the robbery) was diametrically opposed to the government's theory at trial (that it was Hannah in the Volkswagen at the drive-up window) and his defense (that it was not him in the Volkswagen). No amount of additional argument, he contends, could cure the prejudice.

A review of the additional closing argument belies this claim. The defense argued that the prosecution had always maintained that Hannah was the robber, and that there was no evidence that Hannah assisted anyone else in the robbery. The prosecution insisted again that Hannah was the only participant, noting that his own testimony about "J.C." was the only evidence that anyone else was involved. Neither party made substantially different arguments from those made at trial and, rather than on the new aiding and abetting theory, the jury found Hannah "Guilty as a Principal."

We hold no prejudice existed. The defense stoutly countered the aiding and abetting theory, and the prosecution did not seriously argue that Hannah was guilty of aiding and abetting. But in any event the opportunity to present additional argument on the new theory under the circumstances of this case prevented any prejudice. *See Horton,* 921 F.2d at 547 ("Adequate additional argument can cure any prejudice experienced as a result of supplemental instructions."). Although not determinative the jury's verdict further relieves any suspicion of prejudice.

AFFIRMED.